IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:11-CV-11-FL

| | |
|---|---|
| GRACE HOLLEY for D.H., a minor, ) | |
| ) | |
| Plaintiff/Claimant, ) | |
| ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings [DE-30, DE-33] pursuant to Fed. R. Civ. P. 12(c). Grace Holley ("Holley") filed this action pursuant to 42 U.S.C. § 1383(c)(3) on behalf of her minor grandson, Claimant D.H. ("Claimant"), seeking judicial review of the denial of Claimant's application for Supplemental Security Income ("SSI") payments. The time for filing responsive briefs has expired and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, this court recommends granting Claimant's Motion for Judgment on the Pleadings, denying Defendant's Motion for Judgment on the Pleadings and remanding the case to the Commissioner for further proceedings consistent with the Memorandum and Recommendation.

## STATEMENT OF THE CASE

Holley protectively filed an application for SSI payments on behalf of Claimant on 2 October 2007, alleging disability beginning 13 April 2003. (R. 15). The claim was denied initially and upon reconsideration. *Id.* A hearing before the Administrative Law Judge ("ALJ") was held on 5 February 2010, at which Claimant was represented by counsel and Holley appeared and testified. (R. 31-53).

On 19 April 2010, the ALJ issued a decision denying Claimant's request for benefits. (R. 12-30). On 28 January 2011, the Appeals Council denied Claimant's request for review. (R. 1-5). Holley, on behalf of Claimant, then filed a complaint in this court seeking review of the now final administrative decision.

## STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

2

## DISABILITY EVALUATION PROCESS

Under the Act, a claimant under the age of eighteen is considered "disabled" for purposes of eligibility for SSI payments if he has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which has lasted or can be expected to last for a continuous period of at least twelve months, or results in death. 42 U.S.C. § 1382c(a)(3)(C)(i). Social Security regulations provide a three-step sequential evaluation process for determining whether a minor is disabled. 20 C.F.R § 416.924.

First, the ALJ must determine whether the minor is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If so, the minor is not disabled; but if not, the ALJ determines next whether the claimant suffers from a severe impairment or combination of impairments. *Id.* § 416.924(c). For a minor, a medically determinable impairment or combination of impairments is not deemed severe if it is a "slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations." *Id.* If the minor is determined to have severe impairments, the analysis progresses to step three where the ALJ considers whether the minor has an impairment or combination of impairments that meets, medically equals, or functionally equals a listing. *Id.* § 416.924(d). If so, the minor is conclusively disabled, but if not, the analysis ends. *Id.* § 416.924(d)(1).

In this case, Claimant alleges the following errors by the ALJ: (1) failure to issue a credibility finding in compliance with Fourth Circuit law and to make a credibility finding regarding the testimony of Claimant's grandmother; (2) failure to develop the record regarding a social worker's opinion and improper evaluation of said opinion; and (3) finding the severity of Claimant's mental impairments does not functionally equal a listed impairment. Pl.'s Mem. Supp. Pl.'s Mot. J.

3

Pleadings ("Pl.'s Mem.") at 3, 6-9. Because the court concludes that the ALJ failed to make proper findings as to the credibility of Ms. Holley – a threshold determination affecting the functionally equivalent listing argument raised by Claimant – the court does not reach that assignment of error.

## FACTUAL HISTORY

### I.  ALJ's Findings

Applying the above-described sequential evaluation process, the ALJ found Claimant "not disabled" as defined in the Act. At step one, the ALJ found Claimant had not engaged in substantial gainful activity. (R. 18). Next, the ALJ determined Claimant had the following severe impairments: attention deficit hyperactivity disorder ("AD/HD"), oppositional defiant disorder, anxiety and post traumatic stress disorder. *Id.* However, at step three, the ALJ concluded these impairments were not severe enough, either individually or in combination, to meet, medically equal or functionally equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

### II.  Claimant's Testimony at the Administrative Hearing

At the time of Claimant's administrative hearing, Claimant was 6 years old and in the first grade. (R. 35). Claimant stated that he had friends at school with whom he played during recess. (R. 36). Claimant testified that outside of school, he enjoyed playing on swings and playing video games. *Id.*

### III.  Grace Holley's Testimony at the Administrative Hearing

Grace Holley, Claimant's grandmother, testified at the administrative hearing. (R. 37). Holley testified that Claimant is disabled because of mental health issues. (R. 39). She explained Claimant suffers from hallucinations and has complained of seeing monsters and at one point, had hidden knives and scissors under the bed for protection against the monsters. (R. 40, 51). Holley

4

stated further that Claimant has an "anger problem" and needed to be watched closely when he is with his siblings. (R. 41). Holley acknowledged that Claimant had placed a pillow over his sister's face because he did not want her to wake up. (R. 41). Holley testified also that Claimant has an enlarged heart and because of this condition, Claimant is prescribed Benadryl to keep him calm and prevent him from overexerting his heart. (R. 39). Holley testified that Claimant has seen a therapist for his mental health problems every Friday since 2008 and sometimes meets with the therapist at school. *Id.* Claimant also sees a case manager three times a week. *Id.*

Holley testified that Claimant does well in school and is performing at grade level; however, Holly stated that Claimant is distracted easily, does not stay on task, has difficulty completing his homework assignments and makes careless mistakes. (R. 37-38, 44-45). Holley testified that Claimant throws tantrums in class, pushes in line, is disruptive in the cafeteria, cannot keep his hands to himself and has pushed a desk towards and thrown a chair at his teacher. (R. 38, 42-43). Holley testified further that Claimant has been expelled from school twice for fighting, has been placed in in-school suspension an unspecified number of times and has been expelled once from after-school care. (R. 42-43). Holley testified that when at home, Claimant interrupts conversations, performs unspecified activities without seeking permission, and has tantrums "all the time." (R. 48-49). Holley assists Claimant with bathing due to Claimant's refusal to follow instructions. (R. 51). Holley is responsible for administering medications to Claimant on a daily basis. (R. 50).

## DISCUSSION

### I. The ALJ's credibility analysis is incomplete.

Claimant contends the ALJ failed to analyze subjective testimony of pain and other symptoms in the manner mandated by *Craig*. Pl.'s Mem. at 8-9. In particular, Claimant contends

5

the ALJ failed to make a step one finding and also failed to evaluate the credibility of Holley's statement in accordance with step two. *Id.* Defendant, without citation to authority, counters that *Craig* "is simply not relevant to this case" and argues a credibility finding with regard to a witness's testimony is not required. Def.'s Mem. Supp. Def.'s Mot. J. Pleadings ("Def.'s Mem.") at 15.

At issue here is the ALJ's determination of whether Claimant's impairments functionally equal a listing. At this step, the ALJ must consider all relevant evidence, including the credibility of subjective allegations.[1] *See* 20 C.F.R. §§ 416.924(a); 416.926a(a). The same basic principles that apply in "adult" disability claims with regard to determining whether statements about symptoms are credible also apply to childhood disability claims. *See* Soc. Sec. Rul. ("S.S.R.") 96-7p, 1996 SSR LEXIS 4, *4, 1996 WL 374186, *9. Thus, in this circuit, subjective complaints of pain and other symptoms are governed by a two-step process. *Craig*, 76 F.3d at 594; *see also Hines v. Barnhart*, 453 F.3d 559, 564-65 (4th Cir. 2006). First, as an objective matter, the ALJ must determine whether the claimant has a medical impairment which could reasonably be expected to produce the pain or

---

[1] If a minor's impairments do not meet or medically equal a listing, 20 C.F.R. § 416.926a directs an assessment of whether the "interactive and cumulative effects of all impairments . . . including [non-severe impairments]" functionally equal a listing. In making this determination, the regulations require consideration of six "domains," which are "broad areas of functioning intended to capture all of what a [minor] can and cannot do." 20 C.F.R. § 416.926a(b)(1). These six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) self-care; and (6) health and physical well-being. *Id.* § 416.926a(b)(1)(i)-(vi). A finding of functional equivalence requires that the minor has either "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* § 416.926a(d).

Here, with the exception of finding that Claimant has a "marked limitation" in "interacting and relating with others," the ALJ found that Claimant has either "no" limitation or a "less than marked" limitation with respect to the remaining five domains. (R. 22-27). Claimant contends, however, that he also has a marked limitation in attending and completing tasks and relies in part on Holley's testimony in support of this contention. If true, Claimant's impairments would qualify as functionally equivalent to a listed disability; thus, Claimant would be deemed disabled. 20 C.F.R. § 416.924(d)(1).

other symptoms alleged. *Id.*; *see also* S.S.R. 96-7p, 1996 SSR LEXIS 4, at *5, 1996 WL 374186, at *2. If this threshold question is satisfied, then the ALJ evaluates the actual intensity and persistence of the pain or other symptoms, and the extent to which each affects a claimant's ability to perform basic work activities. *Id.* at 595. The step two inquiry considers "all available evidence," including objective medical evidence (i.e., medical signs and laboratory findings), medical history, a claimant's daily activities, the location, duration, frequency and intensity of symptoms, precipitating and aggravating factors, type, dosage, effectiveness and adverse side effects of any pain medication, treatment, other than medication, for relief of pain or other symptoms and functional restrictions. *Id.*; *see also* 20 C.F.R. § 404.1529(c)(3); S.S.R. 96-7p, 1996 SSR LEXIS 4, at *6, 1996 WL 374186, at *3. Objective evidence of pain and other symptoms is not required for entitlement to benefits, although it is appropriately considered where it appears in the record. *See id.* at 595-96.

If a child is unable to adequately describe his symptoms, as in this case, the ALJ "will accept as a statement of [these] symptom(s) the description given by the person who is most familiar with [the child], such as a parent, other relative, or guardian." *See* 20 C.F.R. § 416.928(a). The ALJ "must make specific findings concerning the credibility of the [caregiver's] testimony, just as he would if the child were testifying." *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001); *accord F.S. v. Astrue*, No. 1:10-CV-444, 2012 U.S. Dist. LEXIS 18865, at *53, 2012 WL 514944, at *19 (N.D.N.Y. Feb. 15, 2012); *see also* 20 CFR § 416.924a(a)(2)(i) (explaining "parents and other caregivers can be important sources of information because they usually see [the child] every day")

Here, the ALJ noted the requirements of the applicable law and regulations with respect to assessing the credibility of statements regarding pain and other symptoms and summarized the

medical and opinion evidence. However, the ALJ failed to make an explicit determination that Claimant has or has not proven an underlying medical impairment that could cause the pain and/or other symptoms alleged as required by *Craig*. Despite Defendant's contention the contrary, simply stating that the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" is not sufficient. (R. 19). *See Pittman v. Astrue*, No. 5:08-CV-83-FL, 2008 U.S. Dist. LEXIS 123277, at *16-17, 2008 WL 4594574, at *6 (E.D.N.C. Sept. 18, 2008), adopted, 2008 U.S. Dist. LEXIS 80618, 2008 WL 4594574 (E.D.N.C. Oct. 10, 2008) (remanding case due to ALJ's failure to expressly perform step one of the credibility analysis as required by *Craig*); *accord Robinson v. Astrue*, No. 5:07-CV-00479-FL, 2008 U.S. Dist. LEXIS 90573, *9, 2008 WL 4790387, at *4 (E.D.N.C. Oct. 23, 2008).

Furthermore, while the ALJ's decision includes a summary of Holley's testimony at the hearing, the ALJ failed to make any determination as to her credibility. *See* S.S.R. 96-7p, 1996 SSR LEXIS 4, at *4, 1996 WL 374186, at *9. Defendant's suggestion that the ALJ's discussion of the medical evidence renders a credibility finding as to a witness unnecessary is misguided as "[r]ote recitation of the medical evidence is not a substitute for articulating clear reasons for discrediting" testimony. *Holloway v. Astrue*, 2009 U.S. Dist. LEXIS 87039, at *8, 2009 WL 3063343, at *3 (M.D. Ala. Sep. 22, 2009). If the ALJ decides to reject lay testimony concerning a claimant's pain or other symptoms, the ALJ must do so explicitly and with sufficient specificity to enable the court to decide whether there are legitimate reasons for the ALJ's disbelief and whether the ALJ's determination is supported by substantial evidence. *Cooper v. Astrue*, No. 2:08-CV-18-FL, 2009 WL 928548, at *5 (E.D.N.C. Apr. 3, 2009). A credibility determination as to lay testimony in this

8

case is significantly probative since Claimant could not adequately testify on his own behalf. *See* 20 C.F.R. § 416.928(a). While Defendant implies such a failure does not prejudice Claimant and is thus harmless, the court disagrees. Holley testified that Claimant is distracted easily, has difficulty staying on task, including completing homework assignments, and loses focus easily – testimony relevant to whether Claimant suffers from limited functioning with respect to the "attending and completing tasks" domain.[2] *See* 20 C.F.R. § 416.926a(h) (explaining the domain of attending and completing tasks gauges how well a child is able to focus and maintain attention, and how well a child begins, carries through and finishes his activities). The ALJ cannot ignore such testimony but rather must explain how it factors into his decision that Claimant "has less than marked limitation in attending and completing tasks."[3] *See Baker v. Barnhart*, 410 F. Supp. 2d 757, 769 (E.D. Wis. 2005) (remanding where the ALJ's discussion of the "attending and completing tasks" domain failed to consider relevant testimony of claimant's grandmother); *see also Giles v. Astrue*, 483 F.3d 483, 488-89 (7th Cir. 2007) (remanding case in part because the ALJ failed to make a credibility assessment of the testimony of claimant's mother).

"Without an analysis of all evidence and a sufficient explanation of the weight given to obviously probative exhibits[,] it is not possible to determine if the ALJ's decision is supported by substantial evidence." *Ivey v. Barnhart*, 393 F. Supp. 2d 387, 389-390 (E.D.N.C. 2005) (citation and quotation marks omitted). Accordingly, the court recommends that this matter be remanded so that

---

[2] As stated previously, if the ALJ had found Claimant has a marked limitation in attending and completing tasks, Claimant's impairments would qualify as functionally equivalent to a listed disability. 20 C.F.R. § 416.924(d)(1).

[3] The court acknowledges that the ALJ did not discuss Holley's testimony in connection with any domain; however, the "attending and completing tasks" domain is the only one at issue in this case.

9

the ALJ can make an explicit finding as to the first prong of the two-step credibility analysis and make a credibility assessment of Holley's testimony. *See Ivey*, 393 F. Supp. 2d at 390 (remanding because the ALJ only gave a recitation of the lay witness testimony without making a credibility determination of said testimony).

II. **The ALJ properly evaluated the record and his evaluation of a medical source statement completed by a social worker is supported by substantial evidence.**

Claimant contends the ALJ erred in rejecting the opinion of Claimant's counselor, Denise Talick, LCSW. Pl.'s Mem. at 6. In particular, Claimant contends first that the ALJ had a duty to recontact Ms. Talick and seek additional evidence or clarification as to her findings. *Id.* at 7. By not contacting Ms. Talick, Claimant contends the ALJ engaged in "gamesmanship [] [and] "intentionally avoided contact with one of [Claimant's] main medical witnesses." Pl.'s Mem. at 7. Claimant contends further that the ALJ committed "clear error" in finding Ms. Talick's opinion was inconsistent with the objective evidence.

On 15 January 2010, Ms. Talick completed a medical source statement wherein she indicated, *inter alia*, that Claimant (1) often fails to pay close attention to details, has difficulty sustaining attention, fails to finish tasks and is easily distracted; (2) exhibits "marked" difficulties in maintaining concentration, persistence or pace; and (3) is "moderately limited" in attending and completing tasks.[4] (R. 303). The ALJ, noting Ms. Talick "provided no information to support her statements of the claimant's limitations," found "[s]uch limitations are inconsistent with the objective evidence . . . ." (R. 22).

---

[4] The court limits it consideration of Ms. Talick's opinion to evidence relevant to the "attending and completing tasks" domain as Claimant faults the ALJ's finding as to this domain only.

10

1. Record development

The ALJ has a duty to explore all relevant facts and inquire into issues necessary for adequate development of the record, and cannot rely on the evidence submitted by the claimant when that evidence is inadequate. *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). This duty includes developing the claimant's "complete medical history." 20 C.F.R. §§ 404.1512(d), 416.912(d). "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). The decision of an ALJ will not be overturned for failure to fully and fairly develop the record unless "such failure is prejudicial to the claimant." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980) (citations omitted). "To establish prejudice, a claimant must demonstrate that he or she could and would have adduced evidence that might have altered the result." *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000) (internal quotation & citation omitted); *see also King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979) (explaining prejudice results where the ALJ's decision "might reasonably have been different had that evidence been before him when his decision was rendered").

Here, Claimant points to no evidentiary gaps that resulted in unfairness or prejudice to Claimant. The record contained reports from 2007-2010 from Claimant's teachers, opinions by state agency non-examining consultants William Farley, M.D., and Pamela Jessup, M.D., dated 2007 and 2008, respectively, a report from a mental health center dated 3 April 2008, records from Coastal Carolina Family Practice dated 22 January 2008 through 24 January 2009, and records from CNC/Access dated 9 September 2009 and 4 December 2009. The ALJ has cited this evidence in his decision in support of his non-disability finding. (R. 20-22). Moreover, during the hearing before

11

the ALJ, Claimant's counsel did not indicate or suggest to the ALJ that any medical records were missing from the administrative record, nor did counsel ask for the ALJ's assistance in obtaining any additional medical records. (R. 34-35); *see Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997) ("[W]hen the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored."). Additionally, Claimant has failed to demonstrate how further information from Ms. Talick might reasonably have changed the ALJ's determination. *See Smith v. Barnhart*, 395 F. Supp. 2d 298, 305 (E.D.N.C. 2005) (the claimant proffered to the court an actual report from the doctor in question); *see also Stahl v. Astrue*, No. 2:07-CV-19, 2007 U.S. Dist. LEXIS 99446, at *16, 2008 WL 2565895, at *6 (N.D. W. Va. Nov. 1, 2007) (finding claimant failed to demonstrate how an "updated" medical opinion may have reasonably changed the ALJ's determination).

While "the ALJ must fully and fairly develop the record so that a just determination of disability may be made, . . . the ALJ is not required to function as the claimant's substitute counsel." *Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994); *see also Craft v. Apfel*, No. 97-2551, 164 F.3d 624 (table), 1998 U.S. App. LEXIS 24674, at *9, 1998 WL 702296, at *3 (4th Cir. Oct. 6, 1998) ("While the ALJ must make a reasonable inquiry into a claim of disability, he has no duty to 'go to inordinate lengths to develop a claimant's case.'") (quoting *Thomas v. Califano*, 556 F.2d 616, 618 (1st Cir. 1977)). To the contrary, an ALJ has the right to presume that claimant's counsel presented claimant's strongest case for benefits. *Johnson v. Chater*, 969 F. Supp. 493, 509 (N.D. Ill. 1997) (*citing Glenn v. Sec'y of Health & Human Servs.*, 814 F.2d 387, 391 (7th Cir. 1987)). Ultimately, "[a]lthough the ALJ has the duty to develop the record, such a duty does not permit a claimant,

12

through counsel, to rest on the record – indeed, to exhort the ALJ that the case is ready for decision – and later fault the ALJ for not performing a more exhaustive investigation." *Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008); *see also* 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. § 404.1512(d). Accordingly, the court finds that documentation as presented in the administrative record was sufficient to allow the ALJ to make an informed decision.

2. Evaluation of Ms. Talick's opinion

Pursuant to the regulations, a social worker is not considered an acceptable medical source. *See* 20 C.F.R. §§ 404.1513(a), 416.913(a) (defining "acceptable medical sources" as licensed physicians, licensed or certified psychologists, licenced optometrists, licensed podiatrists, and qualified speech-language pathologists). Nonetheless, "evidence from other sources," such as social workers, may be used "to show the severity of [a claimant's] impairment(s) and how it affects [his] ability to" engage in work-related activities. *Id.* §§ 404.1513(d), 416.913(d); *see also* S.S.R. 06-03p, 2006 SSR LEXIS 5, at *5, 2006 WL 2329939, at *2 (explaining the opinions from "other [medical] sources . . . may provide insight into the severity of [a claimant's] impairment and how it affects [a claimant's] ability to function"). Since "other sources" such as social workers "have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians," their "[o]pinions . . . are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." S.S.R. 06-03p, 2006 SSR LEXIS 5, at *8, 2006 WL 2329939, at *3. Indeed, "depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source." *Id.*

Here, the ALJ correctly noted that Ms. Talick's two-page questionnaire includes no supporting documentation. *See Payne v. Astrue*, No. 2:10-CV-71, 2011 U.S. Dist. LEXIS 120610, at *11, 2011 WL 4959840, at *4 (W.D. Va. Oct. 19, 2011) (upholding the ALJ's decision to accord little weight to the opinion of a social worker where he did not refer to any clinical mental health testing); *cf. Foster v. Astrue*, No. 5:10-CV-386-BO, __ F. Supp. 2d __, 2011 U.S. Dist. LEXIS 137669, at *7-8, 2011 WL 5928587, at *2-3 (E.D.N.C. Nov. 22, 2011) (finding the ALJ erred in affording minimal treatment to a social worker's opinion where the social worker served as claimant's primary mental health care provider and her testimony at the hearing was consistent with her treatment notes). Form reports are arguably entitled to little weight due to the lack of explanation. *See Nazelrod v. Astrue*, No. BPG-09-0636, 2010 U.S. Dist. LEXIS 77379, at *16, 2010 WL 3038093, at *6 (D. Md. Aug. 2, 2010) (citing *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993)) ("Form reports in which a physician's obligations [sic] is only to check a box or fill in a blank are weak evidence at best.") (alteration added). While Claimant states he has been treated by Ms. Talick "every Friday since 2008," Claimant does not direct the court to any treatment records by Ms. Talick which support her opinion.

Moreover, it is unclear to the court how Ms. Talick's opinion, even if accorded some weight, would assist Claimant. Claimant contends he is disabled as a result of having a marked limitation in two domains – "interacting and relating with other" and in "attending and completing tasks." While the ALJ agreed with Claimant as to the first domain, the ALJ found Claimant had a "less than marked" limitation as to the latter. (R. 24-25). As evidence contradicting the ALJ's finding, Claimant relies in part on Ms. Talick's opinion. *See* Pl.'s Mem. at 4. However, like the ALJ, Ms. Talick also found Claimant did not exhibit a marked limitation in attending and completing tasks.

*See* (R. 303) (finding Claimant was "moderately limited" in attending and completing tasks). Thus, Ms. Talick's opinion as to the "attending and completing tasks" – the only domain at issue – supports the ALJ's finding. The court acknowledges that in her opinion, Ms. Talick indicated Claimant often fails to pay close attention to details, has difficulty sustaining attention, fails to finish tasks and is easily distracted and exhibits "marked" difficulties in maintaining concentration, persistence or pace – statements arguably supporting Claimant's contention the he is markedly limited in attending and completing tasks. (R. 302). However, in summarizing the general limitations caused by Claimant's mental illness, Ms. Talick specifically found Claimant was only "moderately limited" in attending and completing tasks. (R. 303). Accordingly, Claimant's argument as to this assignment of error is without merit.

## CONCLUSION

For the reasons stated above, this court RECOMMENDS Claimant's Motion for Judgment on the Pleadings [DE-30] be GRANTED, Defendant's Motion for Judgment on the Pleadings [DE-33] be DENIED and the case be REMANDED to the Commissioner for further proceedings consistent with the Memorandum and Recommendation.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days upon receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 5th day of March, 2011.

                                                Robert B. Jones, Jr
                                                United States Magistrate Judge

16

Case 2:11-cv-00011-FL   Document 35   Filed 03/05/12   Page 16 of 16